Filed 5/6/15  P. v. Mills CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MACK MILLS,<br><br>    Defendant and Appellant. | B255881<br><br>(Los Angeles County<br>Super. Ct. No. MA061795) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Eric P. Harmon, Judge.  Affirmed.

Carlos Ramirez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr. and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Mack Mills was convicted of one count of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)) and one count of possession of ammunition by a felon (Pen. Code, § 30305, subd. (a)(1)). Defendant admitted two prior prison terms within the meaning of Penal Code section 667.5, subdivision (b). He was sentenced to a term of four years in prison. Defendant appeals, challenging only the sufficiency of the evidence of possession of ammunition. We affirm.

" ' "The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] On appeal, we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.]" [Citation.]' " (*People v. Virgo* (2013) 222 Cal.App.4th 788, 797.)

In this case, the jury was properly instructed that, as defendant conceded he had suffered a prior felony conviction, in order to find defendant guilty of the unlawful possession of ammunition, it must find that he possessed ammunition and that he knew he possessed the ammunition. (CALCRIM No. 2591.) The evidence of these facts was as follows: In August 2013, defendant was living in his sister's garage. One night, he pointed a shotgun at his sister's neighbors. The following month, defendant's sister locked defendant out of the garage, but allowed him to live in an SUV she owned. Around this time, defendant's sister saw him with a shotgun. More than that, defendant fired the shotgun when standing in his sister's driveway. In January 2014, Los Angeles County Sheriff's deputies came to defendant's sister's house to execute a search warrant to look for the shotgun. Defendant admitted to deputies that he had recently possessed a shotgun, but told them that it had been stolen one month ago. Deputies searched the SUV in which defendant lived. They found several live shotgun shells in the SUV; some were on the floorboard behind the driver's seat where defendant slept, others were on the rear passenger seat. Defendant was arrested. Thereafter, his sister cleaned out the SUV, which had been messy. She found more shotgun shells scattered in the vehicle and in the glove compartment.

2

This evidence is more than sufficient to support the conclusion that defendant knowingly possessed shotgun shells.  Defendant lived in the SUV in which shotgun shells had been recovered; he admitted that he had recently possessed a shotgun; and there was evidence that he had fired the shotgun as well.  Defendant suggests that, as he did not have exclusive possession or control of the SUV, the shells may have belonged to someone else.  Yet defendant's sister testified that she and her mother were the only other individuals who had access to the vehicle.  The shells were not hers.  She had never seen her mother with a shotgun or shotgun shells.  The jury could reasonably conclude that, of the three people with access to the SUV, the one who owned the shotgun shells found therein was the one who lived in the vehicle and had previously fired a shotgun in the driveway.

## DISPOSITION

The judgment is affirmed.


RUBIN, J.

WE CONCUR:


BIGELOW, P. J.


FLIER, J.

3